John K. McKasson, Bar No. 138194
johnm@mckassonklein.com
Maria del Rocio Ashby, Bar No. 206282
mrashby@mckassonklein.com
**McKASSON & KLEIN LLP**
2211 Michelson Drive, Suite 320
Irvine, California 92612
Telephone: (949) 724-0200
Facsimile:   (949) 724-0201

Attorneys for: Plaintiff
MARKET PLACE SOLUTIONS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARKET PLACE SOLUTIONS, LLC, a Wyoming corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SUTRA BEAUTY, INC., a California corporation; and DOES 1-10,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**1.  TRADEMARK INFRINGEMENT (LANHAM ACT, 15 U.S.C. §1114)**<br><br>**2.  UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN (LANHAM ACT, 15 U.S.C. §1125(a))**<br><br>**3.  UNFAIR COMPETITION AND FALSE ADVERTISING (CAL. BUS & PROF. CODE §§17200 AND 17500, *et seq.*)**<br><br>**[Demand for Jury Trial]** |

Plaintiff MARKET PLACE SOLUTIONS, LLC, a Wyoming corporation ("MPS"), complains and alleges against SUTRA BEAUTY, INC., a California corporation, and DOES 1-10 (collectively, "Defendants"), as follows.

## PARTIES

1.  MPS is a Wyoming corporation with its principal place of business at 20700 Ventura Boulevard, Suite 301, Woodland Hills, CA 91364, which conducts business in this State and throughout the United States.

-1-

2.  On information and belief, SUTRA BEAUTY, INC. is a California corporation with its principal place of business at 6701 Odessa Avenue, Van Nuys, CA 91406.

3.  MPS is currently unaware of the true names of Defendants identified in the Complaint under the fictitious names DOES 1-10. On information and belief, DOES 1-10 are unlawfully using, without authorization, the registered SULTRA Mark identified herein and confusingly similar variations thereof in commerce throughout the United States with certain goods and services, detailed below.

**JURISDICTION AND VENUE**

4.  This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. §1051 *et seq.*, and under the trademark laws of the State of California. This Court has subject matter jurisdiction over MPS's claims for violation of the Lanham Act pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338(a). Pursuant to 28 U.S.C. 1338(b) and 1367, this Court has supplemental jurisdiction over MPS's state law trademark infringement and unfair competition claims because they are joined with substantial and related claims under the Lanham Act and arise out of a common nucleus of operative facts.

5.  This Court has personal jurisdiction over defendant SUTRA BEAUTY, INC. because it is incorporated and has its principal place of business in this State. MPS is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over defendants DOES 1-10 because they have extensive contacts with and conduct business within this State, and the causes of action asserted herein arise out of their contacts in this State and judicial district.

6.  Venue is proper in this judicial district under 28 U.S.C. §1391(b) because defendant SUTRA BEAUTY, INC. resides in this judicial district and Defendants have extensive contacts with, and conduct business within, this judicial district.

//

## FACTUAL BACKGROUND

### The SULTRA Trademark

7. MPS is the owner of the trademark SULTRA (the "SULTRA Mark"), having acquired the mark in November 2017 from Sultra Corporation, a company organized under the laws of the State of California, and Dana Story, an individual.

8. The SULTRA Mark has been in continuous use since at least 2008 - by Sultra Corporation and Dana Story DBA Sultra Corporation from 2008 to November 2017, and by MPS thereafter - to market and sell luxury hair care and hairstyling products, including hair curling irons, straightening irons and hair dryers.



//
//
//
//





COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR
MISLEADING ADVERTISING AND UNFAIR COMPETITION

9.  MPS sells and advertises product in California and throughout the United States using the "Sultra" Mark thereby continuing consumers' long-standing association of the SULTRA Mark with a leading developer and retailer retainer of luxury hair care products.

10.  MPS (and previously, Sultra Corporation and Dana Story) has devoted substantial time, effort and resources to develop and promote the SULTRA Mark and products branded with the mark through, among other things, Internet platforms, social media, various forms of marketing. The SULTRA Mark has gained a following among celebrities, celebrity stylists, fashion designers and bloggers. As a result, the public has come to recognize, associate and rely on the SULTRA Mark as an indicator of high quality hair care and hair styling products.

11.  Products branded with the SULTRA Mark have been sold at major retailers, including Amazon, Costco, Kohl's, Bed Bath & Beyond, Lock & Mane, and others.

12.  Products branded with the SULTRA Mark have also been regularly featured in the editorial pages of Vogue, W Magazine, Allure, Elle, Harper's Bazaar, InStyle and Modern Salon, among others.

13.  Products branded with the SULTRA Mark have received industry awards and recognitions, including: Good Housekeeping; Refinery29 (best curling wand); Rank & Style (best curling wand); Redbook 2012 Most Valuable Products Award (best curling iron); TotalBeauty.com 2014 Awards; Nylon Beauty Hit List 2012 Winner; and TotalBeauty.com 2014 Editor's Pick Winner (best hair curling tool).

14.  On September 21, 2010, the United States Patent & Trademark Office ("PTO") issued to Dana Story, doing business as Sultra Corporation, U.S. Trademark Registration No. 3,850,819 for the mark SULTRA in connection with hair

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR
MISLEADING ADVERTISING AND UNFAIR COMPETITION

care and hair styling products. MPS is in the process of updating the PTO's records to reflect its ownership of the mark.

15.     The SULTRA Mark's registration is in full force and effect on the PTO's Principal Register and incontestable pursuant to 15 U.S.C. §1065, which constitutes conclusive evidence of the registration's validity and exclusive rights to use the SULTRA Mark in commerce throughout the United States on the goods listed in the registration.

16.     As a result of the continuous and widespread use of the SULTRA Mark as described above, the mark has established strong public recognition, a strong reputation and has developed significant goodwill and distinctiveness as identifying goods that originate from MPS.

### Defendants' Unauthorized Use of SULTRA Mark

17.     On information and belief, Defendants market, promote and sell hair care and hair styling products throughout the United States, including hair curling irons, straightening irons and hair dryers which directly compete with MPS's hair care and hair styling products.

18.     On information and belief, Defendants use the confusingly similar marks SUTRA and SUTRA BEAUTY (the "Infringing SUTRA Marks") to engage in a number of activities that infringe the SULTRA Mark, and constitute false advertising and unfair competition, in order to increase sales of their products.

19.     MPS is also informed and believes, and on that basis alleges, that Defendants have and continue to market products branded with the Infringing SUTRA Marks in the same market as MPS, and have directly or indirectly falsely designated Defendants' product as originating with "Sultra." For example, a search for "sultra" on www.Walmart.com results in Defendants' products mixed within MPS's products; and when random product of Defendants' is selected, the resulting

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR
MISLEADING ADVERTISING AND UNFAIR COMPETITION

1  page *lists* _SULTRA_ *as the company of origin for Defendants' product,* as depicted in

2  the following images [arrows added]*:*

3


13  https://www.walmart.com/search/?cat_id=0&grid=true&query=sultra#searchProductResult

14


-7-



https://www.walmart.com/ip/Sutra-1-inch-ceramic-hair-straightener-metallic-pink/151843962

20.    Given the continuous and widespread use of MPS's SULTRA Mark as described above, consumers are likely to mistakenly believe that Defendants' products are endorsed, approved, sponsored by or affiliated, connected and associated with MPS/the SULTRA Mark.

21.    Defendants are therefore enjoying and likely to further enjoy the benefits of the SULTRA Mark's reputation and goodwill based on this consumer confusion, to MPS's detriment.

22.    In late 2014, lawyers for Sultra Corporation and Dana Story sent a cease and desist letter to Defendants to inform them of the SULTRA Mark's federal trademark registration and to demand they cease trademark infringement, dilution, false designation of origin and unfair competition of the SULTRA Mark.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR
MISLEADING ADVERTISING AND UNFAIR COMPETITION

**Harm to MPS from Defendants'**

**Continuing Infringement & Unlawful Conduct**

23.    As of the date of this Complaint, Defendants continue to use the Infringing SUTRA Marks without authorization, violating MPS's valuable intellectual property rights in the SULTRA Mark.

24.    Defendants' knowing, intentional, willful and malicious use of the Infringing SUTRA Marks is damaging MPS, and has forced MPS to bring this Complaint to protect its valuable and longstanding intellectual property rights. MPS has had to retain counsel and incur (and continues to incur) substantial attorney's fees and costs to prosecute this action and pursue their claims.

25.    MPS's interest in protecting its intellectual property rights and products from consumer confusion outweigh any harm to Defendants, who proceeded with use of the Infringing SUTRA Marks with full awareness of the SULTRA Mark and its federal trademark registration. The public interest is best served by granting MPS the relief requested against Defendants herein.

**FIRST CLAIM FOR RELIEF**

**Federal Trademark Infringement – 15 U.S.C. § 1114**

26.    MPS realleges and incorporates herein the allegations contained in paragraphs 1-25 above.

27.    MPS is the owner of the SULTRA Mark. The SULTRA Mark is strong and distinctive and designates MPS (doing business as Sultra) as the source of all products advertised, marketed, sold or used in connection with the SULTRA Marks.

28.    Sultra Corporation and Dana Story DBA Sultra Corporation began to use the SULTRA Mark in interstate commerce before Defendants' first use of their confusingly similar Infringing SUTRA Marks on identical or substantially similar products. Defendants have not been authorized, licensed or given permission to

market and sell products under the Infringing SUTRA Marks.

29.     Defendants had knowledge of the SULTRA Mark due to the constructive notice provided by the SULTRA Mark's federal registration, and had actual knowledge based on the cease and desist correspondence advising them of the SULTRA Mark's federal registration. MPS believes and alleges that Defendants' unauthorized use of the Infringing SUTRA Marks was and continues to be knowing and intentional.

30.     Defendants' actions constitute trademark infringement and will continue if not enjoined.

31.     Defendants' conduct has and will continue to cause irreparable damage to MPS, for which it has no adequate remedy at law: (1) the SULTRA Mark constitutes a unique and valuable property right that has no readily determinable value; (2) Defendants' infringement has directly and proximately interfered with and caused injury to MPS's business, reputation and goodwill; and (3) Defendants' continued and future use of the confusingly similar Infringing SUTRA Marks is likely to and has caused confusion, mistake or deception as to source, origin, affiliation or sponsorship. MPS is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

32.     Furthermore, Defendants' conduct was and is willful, intentional and without foundation in law, making this an exceptional case entitling MPS to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### Federal Unfair Competition/False Designation of Origin – 15 U.S.C. § 1125 (a)

33.     MPS realleges and incorporates herein the allegations contained in paragraphs 1-25 above.

34.     Defendants' conduct alleged herein, including without limitation, their use of the confusingly similar Infringing SUTRA Marks to market and sell hair care and

-10-

hair styling products, are likely to and did in fact confuse and mislead consumers into believing, and misrepresented and created the false impression, that the owner of the SULTRA Mark somehow authorized, originated, sponsored, licensed or participated in Defendants' use of the Infringing SUTRA Marks.

35.     Defendants knew or should have known their conduct and representations were false and likely to mislead, and thus their conduct constitutes false designation of origin and unfair competition.

36.     As a direct and proximate result of Defendants' wrongful conduct, MPS has been and will continue to be damaged.

37.     Defendants' conduct has and will continue to cause irreparable damage to MPS, for which it has no adequate remedy at law: (1) the SULTRA Mark constitutes a unique and valuable property right that has no readily determinable value; (2) Defendants' infringement has directly and proximately interfered with and caused injury to MPS's business, reputation and goodwill; and (3) Defendants' continued and future use of the confusingly similar Infringing SUTRA Marks is likely to and has caused confusion, mistake or deception as to source, origin, affiliation or sponsorship. MPS is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

38.     Furthermore, Defendants' conduct was and is willful, intentional and without foundation in law, making this an exceptional case entitling MPS to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF

### California Unfair Competition/False Advertising

### Bus. & Prof. §§ 17200 and 17500

39.     MPS realleges and incorporates herein the allegations contained in paragraphs 1-25 above.

40.     Defendants, by their conduct described herein, including without limitation,

-11-

their use of the confusingly similar Infringing SUTRA Marks to advertise, market and sell competing hair products, have engaged in trademark infringement, false advertising and unfair competition in violation of federal law and the laws of the State of California.

41.    By their actions, Defendants have engaged in false advertising and unfair competition in violation of the statutory laws of the State of California, Cal. Bus. & Prof. Code §§ 17200 and 17500 et seq., and as a result, MPS has suffered and will continue to suffer damages to its business, reputation and goodwill.

42.    As a direct and proximate result of Defendants' willful and intentional actions, MPS will continue to suffer irreparable damage.

## PRAYER FOR RELIEF

WHEREFORE, MPS prays that this Court enter judgment against Defendants as follows:

A. An injunction ordering Defendants, and their officers, directors, members, agents, servants, employees, and attorneys, and all other persons acting in concert or participating with them, be enjoined from:

1. using the Infringing SUTRA Marks or any other mark likely to cause confusion with the SULTRA Mark in connection with the promotion, advertising, offering for sale, or sale, of hair care and hair styling products;

2. making or inducing others to make any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any products or services produced, offered, promoted, marketed, advertised, provided, or sold by Defendants are in any manner associated or connected with MPS/ Sultra, or are licensed, approved, or authorized in any way by MPS/Sultra;

3. directly or indirectly engaging in false advertising or promotion, or

-12-

performing any act that may give rise to the belief, that Defendants, or any of their goods or services, are related to, authorized, or sponsored by MPS/Sultra;

4.  using the *sutrabeauty.com* domain name and any similar domain names, and registering any domain names that contain the SULTRA Mark, or any domain names confusingly similar to the SULTRA Mark;

5.  using Social Media Accounts and any similar accounts or social media websites that contain the SULTRA Marks, or any social media account confusingly similar to the SULTRA Mark;

B. An order, pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve upon MPS's counsel, within thirty (30) days after service of the order of injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

C. An order that Defendants correct any erroneous impression persons may have derived concerning the nature, characteristics or qualities of Defendants' products and any association or connection with MPS/Sultra and products bearing the SULTRA Mark, including, without limitation:

1.  the sending of a registered letter (with copy to MPS) to all internet search engines and retailers, including but not limited to, Google and Yahoo!, requesting that Defendants' keyword advertising and sponsored advertisements be removed from their search engines;

2.  placement of corrective advertising on Defendants' websites informing consumers that there is no association, license or connection with MPS/Sultra or products branded with the SULTRA Mark;

D. An order finding that, by the acts complained of above, Defendants infringed the SULTRA Mark's federal registration in violation of 15 U.S.C. § 1114.

E. An order finding that, by the acts complained of above, Defendants have

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR MISLEADING ADVERTISING AND UNFAIR COMPETITION

created a false designation of origin and false representation of association in violation of 15 U.S.C. § 1125(a).

F. An order finding that, by the acts complained of above, Defendants have unlawfully and unfairly competed against MPS and have engaged in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code §§ 17200 and 17500.

G. That MPS be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C.§ 1117, as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act;

H. That MPS be granted costs associated with the prosecution of this action;

I. An order awarding MPS such other relief as the Court deems appropriate.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MPS hereby demands a trial by jury.

Respectfully submitted,

Dated: August 30, 2018          /s/ *John K. McKasson*

John K. McKasson
Maria del Rocio Ashby
**MCKASSON & KLEIN LLP**
Attorneys for Plaintiff MARKET PLACE
SOLUTIONS, LLC

-14-