John K. McKasson, Bar No. 138194
johnm@mckassonklein.com
Maria del Rocio Ashby, Bar No. 206282
mrashby@mckassonklein.com
**McKASSON & KLEIN LLP**
2211 Michelson Drive, Suite 320
Irvine, California 92612
Telephone: (949) 724-0200
Facsimile:   (949) 724-0201

Attorneys for Plaintiff
MARKET PLACE SOLUTIONS, LLC

Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
Michael Eshaghian, Bar No. 300869
mike@ruttenbergiplaw.com
RUTTENBERG IP LAW,
A Professional Corporation
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile:   (310) 627-2260

Attorneys for Defendant
SUTRA BEAUTY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARKET PLACE SOLUTIONS, LLC, a Wyoming corporation,<br><br>   Plaintiff,<br><br>   vs.<br><br>SUTRA BEAUTY, INC., a California corporation; and DOES 1-10,<br><br>   Defendants. | Case No.: 2:18-cv-07608-JFW (SSx)<br><br>Honorable John F. Walter<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Scheduling Conference**<br>**Date:  Feb. 11, 2019**<br>**Time: 1:15 p.m.**<br>**Courtroom: 7A** |

Plaintiff MARKET PLACE SOLUTIONS, LLC ("Plaintiff") and defendant SUTRA BEAUTY, INC. ("Defendant") hereby submit their Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1 and this Court's December 11, 2019 Order [ECF 13], as follows:

1. **SUBJECT MATTER JURISDICTION**

All parties have been served, and there are no issues regarding personal jurisdiction or venue.

Plaintiff: This trademark infringement action arises under the Lanham Act, 15 U.S.C. §1051 *et seq*. and trademark laws of the State of California; this Court has subject matter jurisdiction over the claims asserted by Plaintiff pursuant to 15 U.S.C. §1121 and 28 U.S.C. 1331 and 1338(a).

Defendant: Defendant is investigating potential standing issues.

2. **STATEMENT OF PRINCIPAL FACTUAL ISSUES IN DISPUTE**

Plaintiff: Plaintiff owns the trademark SULTRA ("SULTRA Mark"), which has been in continuous use since at least 2008 to market, sell and advertise luxury hair curling irons, straightening irons and hair dryers throughout the United States. The USPTO registered the SULTRA Mark on September 21, 2010 (U.S. Reg. 3,850,819). Popularity and sales of irons and other SULTRA Mark tools increased quickly after introduction due to industry awards, extensive advertising and print and TV exposure, and by 2012 sales were in excess of $9 million.

Plaintiff alleges Defendant is using the confusingly similar marks SUTRA and SUTRA BEAUTY ("SUTRA Marks") to sell similar looking flat irons and other hair tools of a lower quality. Plaintiff believes that Defendant adopted the SUTRA Marks to deliberately deceive the public and sell similar but lower quality hair styling tools to the same target customers and channels.

Defendant's primary defense is that laches applies and they are thus allowed to

continue to deceive consumers into buying their lower quality products. Defendants argue Plaintiff knew or should have known about the infringing SUTRA Marks for more than four years. Plaintiff's dispute this contention and notes that it filed suit: a) less than four-years after receiving a detailed consumer complaint claiming to have been "duped" into buying a SUTRA product, and b) less four-years from sending a cease and desist letter to Defendant. Defendant has not yet revealed when it first began selling flat irons and similar devices under the SUTRA Marks.

Plaintiff also notes that assuming laches applies (which is disputed), the legal effect would be to give rise to a presumption of laches that Plaintiff would have to overcome. Further still, if laches applied, Plaintiff contends the Court can still issue injunctive relief if Defendant's use of the SUTRA Marks was a deliberate and continued attempt to pass off its goods as those of Plaintiff's and thereby deceive consumers. Plaintiff believes discovery will show Defendant was misleading the public with untrue statements about who they are and when they first used the SUTRA Marks (contrary to statements in its USPTO applications filed February 2015 and May 2017).

Defendant:  Defendant obtained its own trademark registrations for the SUTRA Mark (Reg. No. 5,279,174) and the SUTRA BEAUTY Mark (Reg. No. 5,500,549) (collectively, the Sutra Marks"). Defendant has been advertising and selling products with the Sutra Marks for many years. Plaintiff and its predecessor-in-interest have known about Defendant's Sutra Marks and its commercial activities for more than four years (*i.e.*, beyond the laches period). Indeed, Plaintiff alleges (in its Complaint ¶ 22) that its predecessor-in-interest sent a cease-and-desist letter to Defendant in 2014, and yet Plaintiff and its predecessor-in-interest took no further action until late 2018 when it brought this litigation out of the blue. Indeed, it appears Plaintiff purchased the SULTRA Mark from its predecessor-in-interest with

full knowledge of Defendant and its activities.

Additionally, Defendant's Sutra Marks and commercial activities include a logo that bears no resemblance to Plaintiff's SULTRA Mark. Defendant and its commercial activities have not confused or misled consumers into believing that its products are associated with Plaintiff or its goodwill. On the contrary, it appears that Plaintiff is trying to confuse consumers—including by advertising that uses Defendant's name ("Sutra"). Defendants are investigating counterclaims against Plaintiff for its infringement.

Moreover, Plaintiff's SULTRA Mark may not have been in continuous use since 2008, and Plaintiff may not properly own the SULTRA Mark due to defects in the trademark assignment from Plaintiff's predecessor-in-interest to Plaintiff. Further, Plaintiff's trademark rights may be limited in other ways. Defendants continue to investigate these facts.

In any event, there is no merit to Plaintiff's lawsuit. Defendant has invested extensive resources over many years in developing its own brand. Plaintiff has known about these activities for years and took no action—because there is no harm to Plaintiff and/or because Plaintiff decided not to enforce its mark. Having waited so long (and beyond the laches period), Plaintiff is not in a position to obtain an injunction.

Defendant received Plaintiff's contentions 22 minutes before the filing deadline and has not had a chance to fully address Plaintiff's arguments. In any case, there is no basis for Plaintiff's contention that Defendant somehow acted willfully in allegedly deceiving consumers. Moreover, laches is not the only defense in this case, but is the most obvious one, and it is highly likely that the presumption of laches will apply.

**3. DISPUTED POINTS OF LAW**

<u>Plaintiff:</u> Whether by its use of the SUTRA Marks Defendant engaged in trademark infringement under the Lanham Act, 15 U.S.C. §1114; unfair competition/false designation of origin under the Lanham Act, 15 U.S.C. §1125(a); and unfair competition and false advertising under Cal Bus. & Prof. Code §17200 and 17500 et seq. As to Defendant's laches and other equitable defenses: when Defendant became aware of Plaintiff's SULTRA Mark; manner in which Defendant has used the SUTRA Marks, i.e., whether Defendant engaged in deliberate and continued attempt to pass off its goods as those of Plaintiff's; whether Defendant intended to deliberately deceive and confuse consumers.

<u>Defendant:</u> Disputed points of law include:

- Whether Plaintiff's claims are barred by the doctrines of equitable estoppel, waiver, acquiescence, laches, or the applicable statute of limitations;
- Whether injunctive relief should be denied;
- Whether Plaintiff is the rightful owner of the SULTRA Mark with standing to assert its claims;
- Where Plaintiff's marks are geographically or otherwise limited;
- Whether the SULTRA Mark is incontestable under 15 U.S.C. § 1065;
- Whether there is any legal basis for asserting Plaintiff's claims.

**4. PRIOR, PENDING AND ANTICIPATED MOTIONS**

<u>Plaintiff:</u> Plaintiff does not anticipate any motions at this time, but will be in a better position to determine if a motion for partial summary judgment or summary judgment is warranted as discovery progresses.

<u>Defendant:</u> Defendant is considering moving to bifurcate the case (including discovery and trial) to first try its laches and related defenses (see item 17, below). Defendant also expects to move for summary judgment regarding certain issues, but will be in a better position to determine if such motions are warranted as discovery

progresses.

## 5. ADDITIONAL PARTIES, CLAIMS AND DEFENSES

<u>Plaintiff:</u> No additional parties, claims or amendment to the pleadings is anticipated at this time, but Plaintiff reserves the right to seek leave to amend if warranted by discovery and/or facts that may develop.

<u>Defendant:</u> Defendant is investigating counterclaims and additional affirmative defenses, and expects to amend its Answer.

## 6. INITIAL DISCLOSURES

The parties agree that no changes should be made to the form or requirement for disclosures under Rule 26(a). The parties will exchange Rule 26(a) initial disclosures on or by February 7, 2019.

## 7. DISCOVERY/RULE 26(f) PLAN FOR DISCOVERY

### a. Status

<u>Plaintiff:</u> Discovery has not commenced (pursuant to a court-approved stipulation extending time to respond Defendant just filed its answer on January 18, 2019). It is anticipated that written discovery and requests for production of documents will be exchanged by the date of the Scheduling Conference or shortly thereafter, and any depositions will be scheduled within 120 days thereafter.

<u>Defendant:</u> As a preliminary matter, Defendants have sought information from Plaintiff as to the facts surrounding Plaintiff's first knowledge of infringement. Given on-going settlement discussions, Defendant has been trying to obtain this discovery informally, but Plaintiff has not been forthcoming.

### b. Scope of Discovery

The parties agree the methods of discovery will include: (i) written discovery (interrogatories, requests for admissions, requests for production of documents and third-party document subpoenas); (ii) oral depositions of employees and/or agents of

the parties, Rule 30(b)(6) persons most knowledgeable and relevant third-party witnesses. The parties agree to work out mutually acceptable deposition schedules.

<u>Plaintiff</u>: As to scope of discovery, Plaintiff anticipates discovery as detailed above regarding the claims made in the Complaint, to include defendant's use of the mark; likelihood of confusion/mistake/deception as to origin of Defendant's products and/or affiliation with Plaintiff and Plaintiff's products; Defendant's commercial advertising/promotion as to origin of Defendant's products. As to laches and other equitable defenses, discovery regarding when Defendant became aware of Plaintiff's SULTRA Mark; manner in which Defendant has used the SUTRA Marks, i.e., whether Defendant engaged in deliberate/continued attempt to pass off its goods as those of Plaintiff; whether Defendant intended to deliberately confuse consumers.

<u>Defendant:</u> Defendant anticipates discovery to include: discovery as to Plaintiff's standing to assert its claims; Plaintiff's acquisition of the Sultra Mark from its predecessor-in-interest and the terms of any agreement for the same; Plaintiff and its predecessor-in-interest's first knowledge of Sutra and/or the Sutra Marks; actions or inaction by Plaintiff and its predecessor-in-interest since their knowledge of Defendant and/or its Sutra Marks; Plaintiff's use of its own asserted mark; Plaintiff's use of Defendant's Sutra Marks, including Plaintiff's attempts to create confusion by using Defendant's Sutra Marks in Plaintiff's advertising; the lack of likelihood of confusion, mistake, and deception as to origin of Defendant's products and/or affiliation with Plaintiff and Plaintiff's products; and other equitable factors precluding injunctive relief .

c. **Electronically Stored Information**

The parties are considering a joint protocol that governs the preservation and production of ESI in this case.

d. **Privilege**

The parties agree to use the procedures in Rule 26(b)(5) for claims of privilege or subject to protection as trial preparation material. In addition, the parties anticipate that a protective/confidentially order will be required to protect proprietary and/or confidential business information.

### e. Changes in Discovery Limitations

The parties do not request changes in the discovery limitations imposed under the Federal Rules of Civil Procedure or by local rule, except that Defendant may seek bifurcation (which Plaintiff opposes) as described below.

### 8. RELATED CASES

No related cases or proceedings are pending before another judge of this court or before another court or administrative body.

### 9. RELIEF SOUGHT

Plaintiff: seeks to enjoin Defendant from all infringing conduct relating Defendant's SUTRA Mark; an order directing Defendant to file with the Court and serve on Plaintiff's counsel a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction; an order that Defendant correct any erroneous impression persons may have derived concerning the nature, characteristics or qualities of Defendant's products and association/connection with Plaintiff and products bearing the SULTRA Mark; an order finding Defendant infringed the SULTRA Mark's federal registration and created a false designation of origin under the Lanham Act, and unfairly competed against Plaintiff under California law; and that Plaintiff be awarded its costs, attorney's fees and expenses incurred in this action.

Defendant: Defendant seeks an order that Plaintiff take nothing by way of its Complaint; that the Complaint be dismissed in its entirety with prejudice; that Defendant be awarded the cost of suit and attorneys' fees; and for such other relief as

the Court deems just and proper.

**10. CERTIFICATION OF INTERESTED PARTIES**

The parties have filed the "Certification as to Interested Parties or Persons" required by the Local Rules, identifying the following:

<u>Plaintiff:</u>

| | |
|---|---|
| Market Place Solutions LLC, a Wyoming corporation | Plaintiff |
| Dana Story, individual | Prior connection to mark |
| Sultra Corporation, a California corporation | Prior connection to mark |

<u>Defendant:</u>

| | |
|---|---|
| Market Place Solutions LLC | Plaintiff |
| Sutra Beauty, Inc. | Defendant |

**11. DISCOVERY, MOTION & TRIAL DATES**

While the parties disagree on whether this case should be bifurcated (see item 17, below), the parties agree on the following dates should the Court decide against bifurcation to permit sufficient lead-time for settlement efforts currently underway (see item 13, below):

- Last day for amending the pleadings: October 4, 2019;
- Last day for fact discovery: March 6, 2020;
- Last day for expert disclosures: April 6, 2020;
- Last day for expert rebuttal reports: May 4, 2020;
- Last day for expert reply reports: May 25, 2020;
- Last day for expert discovery: July 1, 2020;
- Last day for hearing dispositive motions: August 17, 2020;
- Pretrial disclosures exchanged on or by: September 17, 2020;
- Final pre-trial conference: October 1, 2020;

      Trial: October 22, 2020.

      <u>Defendant:</u> Defendant will likely seek a bifurcated litigation (see item 17, below).  Without affecting the dates identified above, Defendant proposes the following dates for issues relating to Defendant's affirmative defenses and Plaintiff's standing:

      Last day for discovery: October 4, 2019;

      Last day for hearing dispositive motions: November 4, 2019;

      Pretrial disclosures exchanged on or by: December 4, 2019;

      Final pre-trial conference: December 18, 2019;

      Bench Trial: January 13, 2020.

## 12. TRIAL

      The parties estimate 4-5 days for the final trial.  In the event the Court adopts Defendant's proposed bifurcation (which Plaintiff opposes), the parties estimate the first bench trial would last 2-3 days, and the second (final) trial would last 3-4 days.

      Plaintiff reserves judgment as to whether trial(s) will be a bench or jury trial, pending further analysis of that issue and of any counterclaim or additional defenses asserted in Defendant's potential amended answer.

## 13. SETTLEMENT/ADR PROCEDURE SELECTION

      The parties are currently engaged in meaningful settlement discussions and conceptual settlement points are being exchanged. The parties shall take it upon themselves to actively continue settlement discussions and attempt to resolve all issues short of trial. If unable to settle the matter the parties agree to participate in mediation before a neutral selected from the Court's Mediation Panel (ADR Procedure 2) pursuant to L.R. 16-15.4.

## 14. COMPLEX CASE

      The parties agree this is not a Complex Case and the procedures in the Manual

for Complex Litigation are not required in this case.

**15. DISPOSITIVE MOTIONS**

<u>Plaintiff:</u> Plaintiff will be in a better position to determine if a motion for partial summary judgment or summary judgment is warranted as discovery progresses.

<u>Defendant:</u> Defendant expects to move for summary judgment regarding certain issues, but will be in a better position to determine if such motions are warranted as discovery progresses. Defendant may also move to dismiss the case for lack of standing, pending discovery on that issue.

**16. UNUSUAL LEGAL ISSUES**

The parties agree that the case does not present unusual legal issues.

**17. SEVERANCE, BIFURCATION OR OTHER ORDERING OF PROOF**

The parties disagree regarding whether this case should be bifurcated. The parties seek guidance from the Court regarding the preferred vehicle for presenting this issue before the Court.

<u>Plaintiff:</u> Defendant requests bifurcation primarily based on its contention that laches would be case-dispositive. In addition to disputing that laches applies, Plaintiff disagrees that bifurcating this case pursuant to Fed. R. Civ. P. 42(b) into two phases would best serve judicial efficiency. Plaintiff is not seeking monetary damages, which narrows the issues on the complaint to the validity of Plaintiff's mark and likelihood of confusion. Fact discovery on Plaintiff's infringement claims will largely overlap with discovery key to Defendant's laches defense; namely, when Defendant became aware of Plaintiff's SULTRA Mark, circumstances surrounding Defendant's adoption of the SUTRA Marks; manner in which Defendant has used the SUTRA Marks, i.e., whether Defendant engaged in deliberate and continued attempt to pass off its goods as those of Plaintiff's, or intended to deliberately deceive and confuse consumers. As noted earlier, Plaintiff contends that if the evidence shows Defendant

-11-

deliberately elected to pass of its goods as those of Plaintiff in an effort to confuse or deceive consumers, the Court can issue injunctive relief even if laches applies.

Defendant: Defendant believes that bifurcating this case pursuant to Fed. R. Civ. P. 42(b) into two phases would best serve judicial efficiency. The first phase would focus on laches and related defenses that arise out of a common set of facts. Given Plaintiff's long delay (over four years), there is a presumption of laches here that would bar all recovery sought by Plaintiff. Defendants are also open to including other threshold issues (such as standing) as part of this phase. Laches would be decided by the Court. Determining this defense (which is likely to be case-dispositive) would greatly conserve resources, as it would obviate the need for costly fact and expert discovery and other liability issues. Indeed, expert disclosures would be unnecessary if this defense resolved the litigation. Addressing the laches questions first—in a relatively short amount of time—would also greatly facilitate settlement between the parties.

Defendant received Plaintiff's contentions 22 minutes before the filing deadline and has not had a chance to fully address Plaintiff's arguments. In any case, there is no basis for Plaintiff's contention that Defendant somehow acted willfully in allegedly deceiving consumers.

## 18. ECF ACKNOWLEDGMENT

Undersigned lead trial counsel confirm they are each registered as an "ECF user" with the email address of record listed in the caption page.

Respectfully submitted,

Dated: January 28, 2019        /s/ *John K. McKasson*
                               John K. McKasson (lead trial counsel)
                               Maria del Rocio Ashby
                               **MCKASSON & KLEIN LLP**

-12-

                    Attorneys for Plaintiff MARKET PLACE SOLUTIONS, LLC

Dated: January 28, 2019       /s/ *Guy Ruttenberg*
                                         Guy Ruttenberg (lead trial counsel)
                                         Michael Eshaghian
                                         **RUTTENBERG IP LAW, A PROFESSIONAL CORPORATION**
                                         Attorneys for Defendant
                                         SUTRA BEAUTY, INC.